## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Brandon-Michael Gray, | Case No. 23-cv-2082 (SRN/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Land Home Financial Services, Inc., Liebo, Weingarden, Dobie & Barbee, PLLP, Usset Weingarden & Liebo, PLLP, | |
| Defendants. | |

Brandon-Michael Gray, 4322 Portland Avenue South, Minneapolis, MN 55407, Pro Se.

Kevin T. Dobie, 4500 Park Glen Road, Suite 300, Minneapolis, MN 55416, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Defendants' Joint Motion to Dismiss [Doc. No. 8] and on Defendant Land Home Financial Services, Inc.'s Motion to Sever and Remand [Doc. No. 15]. The matters have been fully briefed by the parties. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court respectfully grants both motions, dismisses the complaint with prejudice, and remands the remaining eviction action to state court.

## I.     BACKGROUND

For the following recitation of facts, the Court relies upon the facts alleged in the complaint and on the public records submitted by the parties that are necessarily embraced

1

by the pleadings.[1] *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.

1999).

On January 12, 2020, Derrick Lee Roberts executed a power of attorney agreement

wherein he named Plaintiff Brandon Michael Gray as attorney-in-fact for transactions

involving a piece of real property referred to as Marvin H. Anderson's Third Addition (ID

Number 03-027-24-41-0069) ("the Property"). (Compl. at 17–18.) Mr. Roberts transferred

ownership of the Property to Mr. Gray via a quit claim deed on July 24, 2020. (Compl. at

15.)

On January 16, 2020, Mr. Roberts entered into a mortgage agreement for the same

property, located at 8200 5th Avenue S, Bloomington, MN 55420. ("Pub. R." [Doc. No.

11] at 12–25.)[2] The mortgage agreement names Mr. Roberts as "borrower", Mortgage

---

[1] The plaintiff, Mr. Brandon Michael Gray, did not include in his complaint a statement of facts, and instead asked that the Court consider his attached "Affidavit of Truth" and supporting evidence. (Compl. [Doc. No. 1] at 4.) Mr. Gray attached a number of exhibits to his complaint form, and filed separately on the same day an "Affidavit of Truth" [Doc. No. 4] that included a recitation of his factual claims. Mr. Gray is not represented by counsel. The Court holds "a pro se complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The Eighth Circuit has explained that "[w]hen we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). The Court, construing the complaint liberally, finds the facts alleged within Mr. Gray's "Affidavit of Truth" to be included within the pleadings and accepts those factual allegations as true for the purposes of ruling on the motion to dismiss.

[2] The Defendants filed a number of public records documents relating to the history of this case and the related eviction action. The Court finds that the documents included in this filing are publicly recorded and are necessarily embraced by the pleadings.

Electronic Registration Systems, Inc. ("MERS") as the "mortgagee", Land Home Financial Services, Inc. ("LHFS") as the "lender", and states that Mr. Roberts owes LHFS $303,053.00 and has agreed to pay that amount through periodic payments. (*Id*. at 12–14.) The mortgage agreement contains a number of provisions governing the rights and obligations of each party under the agreement. These provisions include an agreement that all payments "shall be made in U.S. currency" and that if necessary, LHFS may require a particular form of payment. (*Id*. at 14–15.) The agreement also allows LHFS to make reasonable entries upon and inspection of the Property, and to inspect the interior of the Property with "reasonable cause." (*Id*. at 18.) If Mr. Roberts fails to perform, the agreement states that LHFS may enter the Property in order to secure it. (*Id*. at 18.)

On September 1, 2022, having not received any mortgage payments from or on behalf of Mr. Roberts, LHFS commenced foreclosure proceedings for the Property via the defendant law firms. ([Doc. No. 4] at 2; Pub. R. at 31–32.) It is also alleged that LHFS sent agents to inspect and photograph the exterior of the property. ([Doc. No. 4] at 5.) LHFS, through its attorneys, proceeded with a sheriff sale of the Property on December 20, 2022, and thereafter acquired title to the Property. (*Id*. at 2; Pub. R. at 35–36.) On February 21, 2023, Mr. Gray served notice of an "international promissory note" for $357,429.56 on LHFS and its attorneys, in order to discharge the debt and redeem the Property. (Compl. at 35.) Mr. Gray does not allege that he ever paid any money to LHFS. LHFS did not accept, return, reject, or otherwise acknowledge the promissory note. ([Doc. No. 4 at 5.)

On June 20, 2023, Mr. Gray received notice that LHFS would be commencing an eviction action. (Compl. at 59.) LHFS filed an eviction complaint for all persons in

possession of the Property on July 5, 2023. [3] (*Id*. at 69–70.) On July 11, 2023, Mr. Gray filed the present lawsuit. Mr. Gray alleges that the Defendants violated his constitutional due process rights throughout the foreclosure proceedings, that the defendants trespassed on his property by photographing it, and that the Defendants' continuation of the foreclosure and commencement of the eviction action after receiving his promissory note constituted fraud. ([Doc. No. 4].) On July 13, 2023, Mr. Gray filed notice in state court of removal of his eviction action to this Court. (Notice of Removal [Doc. No. 5].)

## II.   DISCUSSION

### A.   Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *In re Supervalu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Determining whether a claim is plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

### 1.   The UCC Claims

The heart of Mr. Gray's complaint is that his service of an "international promissory note" upon the Defendants was sufficient to discharge the debt within the redemption period, and that the Defendants' failure to stop the foreclosure was a violation of federal law. Mr. Gray alleges that the Defendants' conduct in particular constituted fraud,

---

[3]      The eviction action is filed in Hennepin County District Court, File Number 27-cv-23-10947.

4

deceptive practices, and violations of the federal Fair Debt Collection Practices Act (FDCPA).

Minnesota law requires redemption for mortgaged property to be made by paying a "sum of money," performed through a "delivery of funds." Minn. Stat. § 580.23, subd. 1(a)–(b). As other courts have noted, a promissory note is merely an "unconditional written promise" that "does not constitute actual payment." *In re Ditech Holding Corp.*, No. 19-10412, 2021 WL 2881489, at *9 (Bankr. S.D.N.Y. July 6, 2021) (slip copy). Faced with similar circumstances, courts around the country routinely reject attempts by borrowers to pay off debts with a promissory note. *See id.* (collecting cases). As one court put it, "the mortgagees bargained for cash, and they are entitled to cash." *In re Walters*, No. 14-10119, 2015 WL 3935237, at *3 (Bankr. S.D.N.Y. June 25, 2015).

Mr. Gray's tender of a promissory note to the Defendants was not a legal means of discharging his debt. Mr. Gray does not allege that he made any payment of money or any attempt to actually deliver funds to the Defendants during the redemption period. Because Mr. Gray did not pay his debt, the Defendants did not violate federal law in proceeding with the foreclosure. The Court, accepting the allegations as true and drawing all reasonable inferences in Mr. Gray's favor, finds that the complaint does not plausibly state a claim upon which relief can be granted and must be dismissed.

### 2.    The Due Process Claims

Mr. Gray alleges that the foreclosure process violated his constitutional due process rights. "It is well established that there is simply no cause of action for a private violation of constitutional privileges in the absence of state action." *Semler v. Eastbay Inc.*, No. 18-

cv-3220, 2019 WL 1904224, at *3 (D. Minn. Mar. 4, 2019), *report and recommendation adopted*, 2019 WL 1901917 (Apr. 29, 2019) (collecting cases).  To successfully allege a constitutional due process violation, the plaintiff must at the outset plead sufficient facts that the defendant or defendants were acting under the color of state law. *Id.*; *Stevens v. Braniff Airways, Inc.*, 490 F. Supp. 231, 233 (D. Minn. 1980). Private conduct may be considered state action only if there is such a "close nexus between the State and the challenged action" that the behavior may be fairly treated as having been that of the state. *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). The fact that a state has "specifically authorized or approved" private conduct does not on its own create state action. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 354 (1974).

Mr. Gray has not named any government officials as defendants in his lawsuit, so the Court must determine whether the foreclosure process and sheriff sale may be fairly treated as state action. The Eighth Circuit has repeatedly rejected this position. *See Vail v. Derwinski*, 946 F.2d 589, 593 (8th Cir. 1991) ("Most state courts considering due process challenges to non-judicial foreclosure statutes have upheld the procedure on the ground that there is no state action."); *Warren v. Government Nat. Mortg. Ass'n*, 611 F.2d 1229, 1234 (8th Cir. 1980) ("We therefore are of the general opinion that mortgage foreclosures through power of sale agreements such as the one at issue here are not in and of themselves powers of a governmental nature."). Faced with a similar situation, another court in this district considered whether the sheriff's participation in the sale rendered the process a state action. *Scanlon v. Northwest Mortg., Inc.*, No. 11-cv-3128, 2012 WL 2885131, at *5 (D. Minn. July 13, 2012) (Davis, J.). The *Scanlon* court found that, without specific

6

allegations of a close nexus between the private defendants and the government, the mere fact of a sheriff's participation is insufficient to allege state action. *Id*.

Here, Mr. Gray has not alleged that any conduct by the Defendants constituted an action of the state. Because Mr. Gray has "not alleged the state action required for [his] constitutional claims," his claims must be dismissed. *Id*.

### 3.    The Trespass Claims

Mr. Gray alleges that the Defendants trespassed onto the exterior of the private property. Under Minnesota law, "a trespass is committed where a plaintiff has the right of possession to the land at issue and there is a wrongful and unlawful entry upon such possession by defendant." *Tokarz v. Mortgage Electronic Registration Sys., Inc.*, No. 17-cv-1022, 2017 WL 8944022, at *8 (D. Minn. Aug. 24, 2017), *report and recommendation adopted*, 2017 WL 5564557 (D. Minn. Nov. 17, 2017) (quoting *Johnson v. Paynesville Farmers Union Coop. Oil Co.*, 817 N.W.2d 693m 701 (Minn. 2012)). In *Tokarz*, the court concluded that when the plaintiffs conceded that they never made the payments required under their mortgage agreement, and the mortgage agreement gave the lender the power to enter the property should the borrower fail to perform, the plaintiffs had failed to plausibly plead a state trespassing offense.

Here, the mortgage agreement states that regardless of breach, "Lender or its agent may make reasonable entries upon and inspections of the property." (Pub. R. at 18.) And in the event of a breach, the Lender may enter the property under the terms of the mortgage agreement. *Id*. Although the mortgage agreement is not attached to the complaint, it is a public record necessarily embraced by the pleadings. *See Tokarz*, 2017 WL 8944022, at

7

*8. Because the terms of the mortgage allowed the Defendants to physically access the property, their presence as alleged was not unlawful. Mr. Gray's trespassing claims therefore must be dismissed as well.

### B.     Motion to Remand

The Defendants ask this Court to sever the state eviction action and remand it to the state district court.

Pursuant to Federal Rule of Civil Procedure 21, the Court may sever any claim against any party. "Although abstention is 'the exception, not the rule,' eviction is fundamentally a state law concern." *Federal Nat. Mortg. Ass'n v. Gear-Fleury*, No. 13-cv-2389, 2014 WL 468202, at *1 (D. Minn. Feb. 6, 2014) (quoting *MCC Mortg. LP v. Office Depot, Inc.*, 685 F. Supp. 2d 939, 946–47 (D. Minn. 2010)). Further, if at any time the Court determines that it lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c); *Arnold Crossroads, L.L.C. v. Gander Mountain Co.*, 751 F.3d 935, 939 (8th Cir. 2014). The party opposing remand has the burden of establishing federal subject matter jurisdiction, and the Court must resolve all doubts about federal jurisdiction in favor of remand. *Moua v. Jani-King of Minnesota, Inc.*, 613 F. Supp. 2d 1103, 1106 (D. Minn. 2009).

Mr. Gray argues that he established federal jurisdiction through his allegations that the foreclosure proceedings and eviction action violated federal law, specifically the FDCPA. However, as discussed *supra*, Mr. Gray has not plausibly alleged any FDCPA violations. Absent those violations, Mr. Gray lacks any basis for asserting federal subject

matter jurisdiction. The Court therefore grants the motion to remand the remaining eviction

action back to state court.

## III.    ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

    **A.**    The Defendants' Joint Motion to Dismiss [Doc. No. 8] is hereby **GRANTED;**

    **B.**    Defendant Land Home Financial Services, Inc.'s Motion to Sever and Remand [Doc. No. 15] is **GRANTED** as to the Eviction Action**;**

    **C.**    The Complaint [Doc. No. 1] is **DISMISSED with Prejudice**, and**;**

    **D.**    The removed Eviction Action (Hennepin County District Court File No. 27-cv-23-10947) is **REMANDED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 6, 2023
                       /s/ Susan Richard Nelson
                       SUSAN RICHARD NELSON
                       United States District Judge