UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brandon-Michael Gray,<br><br>                 Plaintiff,<br><br>v.<br><br>Land Home Financial Services, Inc.,<br>Liebo, Weingarden, Dobie & Barbee, PLLP,<br>Usset Weingarden & Liebo, PLLP,<br><br>                 Defendants. | Case No. 23-cv-2082 (SRN/DJF)<br><br><br><br>**ORDER** |

Brandon-Michael Gray, 4322 Portland Avenue South, Minneapolis, MN 55407, Pro Se.

Kevin T. Dobie, 4500 Park Glen Road, Suite 300, Minneapolis, MN 55416, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Plaintiff Brandon Michael Gray's Motion for Reconsideration [Doc. No. 37] of the Court's December 6, 2023 Order dismissing the complaint with prejudice [Doc. No. 33]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court respectfully denies Mr. Gray's motion.

The Court notes at the outset that a party is not permitted to file a motion to reconsider without first requesting and obtaining the Court's permission based on a showing of "compelling circumstances." D. Minn. L.R. 7.1(j); *see United States v. Gbor*, No. 14-cr-344, 2022 WL 17976296, at *1 (D. Minn. Dec. 28, 2022). Mr. Gray did not

1

request such permission of the Court. In the interests of justice, the Court liberally construes Mr. Gray's pro se motion as a request for permission to file a motion to reconsider, and considers it accordingly. *See Gbor*, 2022 WL 17976296, at *1; *also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (documents filed pro se are to be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers).

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). A motion for reconsideration is not the appropriate place to "tender new legal theories for the first time." *Id*. Nor is it a vehicle for "simple reargument on the merits," even where the movant argues the merits "somewhat more fully." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Mr. Gray argues that the Court's prior order committed manifest errors of law by finding that he had not plausibly pled a due process violation. The Court considered the issues raised by Mr. Gray—whether a sheriff's participation in a mortgage foreclosure sale constitutes state action—in its prior order, and Mr. Gray's motion simply seeks to reargue the point more fully. Having already considered the argument, the Court denies Mr. Gray's motion.

Mr. Gray also argues that fraud and discrepancies in the mortgage sale constitute due process violations. The alleged discrepancies were pled by Mr. Gray and the Court considered them in its prior order. To the extent that Mr. Gray now argues that these documents constitute state action sufficient to plead a due process violation, this is a new

2

legal theory that the Court will not consider on a motion for reconsideration. Similarly, Mr. Gray makes a number of new allegations in his motion, including that the defendants committed criminal fraud, violated the Fair Debt Collection Practices Act (FDCPA), and violated the Real Estate Settlement Procedures Act (RESPA) during the foreclosure process. Such alleged violations do not resolve the lack of state action involved in the process, and to the extent that Mr. Gray is seeking to raise new claims for the first time in his motion, the Court does not consider them.

Accordingly, based on the submissions and the entire file and proceedings herein,

**IT IS HEREBY ORDERED** that Plaintiff Brandon Michael Gray's Motion to Reconsider [Doc No. 37] is respectfully **DENIED**.


Dated: December 18, 2023              /s/ Susan Richard Nelson
                                      SUSAN RICHARD NELSON
                                      United States District Judge